IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BIOCONTROL, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 6:21-cv-00243 |
| v. | ) | |
| | ) | |
| NINTENDO OF AMERICA, INC. | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

BioControl, LLC ("BioControl") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 5,647,834 ("the '834 patent") (referred to as the "Patent-in-Suit") by Nintendo of America, Inc. ("Nintendo").

**I.    THE PARTIES**

1.    Plaintiff BioControl is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2.    On information and belief, Nintendo is a corporation existing under the laws of the State of Washington, with a principal place of business located at 12345 N Lamar Blvd #300, Austin, TX 78753. On information and belief, Nintendo sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its regbistered agent CT CORPORATION SYSTEM, 1999 Bryan St. Suite 900, Dallas, Texas 75201, or anywhere else it may be found.

**II.    JURISDICTION AND VENUE**

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.  INFRINGEMENT

**A. Infringement of the '834 Patent**

6. On July 15, 1997, U.S. Patent No. 8,156,158 ("the '834 patent", attached as Exhibit A) entitled "Speech-based Biofeedbnack Method and System" was duly and legally issued by the U.S. Patent and Trademark Office. BioControl, LLC owns the '834 patent by assignment.

7. The '834 patent relates to a novel and improved method for effecting biofeedback regulation of at least one physiological variable characteristic of a subject's emotional state, comprising the steps of monitoring at least one speech parameter characteristic of the subject's emotional state so as to produce an indication signal, and using the indication signal to provide the subject with an indication of the at least one physiological variable..

8. Nintendo maintains, operates, and administers electronic health records that infringes one or more claims of the '834 patent, including one or more of claims 1-39, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '834 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:



## US 5,647,834 : Independent Claim 19

| | |
|---|---|
| a microphone for converting the subject's speech to an electrical signal, | For example, Nintendo uses the **microphone to allow the user to command the puppy to sit**. |

https://www.nintendo.com/consumer/gameslist/manuals/DS_Nintendogs.pdf (page 12)

7

## US 5,647,834 : Independent Claim 19

| | |
|---|---|
| a processing means coupled to the microphone for deriving from the electrical signal at least one speech parameter characteristic of the subject's emotional state and for producing therefrom an indication signal, | For example, Nintendo DS uses one ARM7 processor, one ARM9 processor, and a microphone. |

Technical specifications

| | |
|---|---|
| Size (closed) | 5.85" wide (14.625 cm)/3.33" (8.325 cm) long/1.13" (2.825 cm) high |
| Upper screen | Backlit, 3-inch (7.5 centimeter), semi-transparent reflective TFT color LCD with 256x192 pixel resolution and 0.24mm dot pitch, capable of displaying 260,000 colors. |
| Touch screen | Same as the top screen, but with touch sensors. |
| Palette | 18-bit RGB (262,144 colors) |
| Wireless communication | IEEE 802.11 and Nintendo's proprietary format wireless range is 30 to 100 feet (9.15 to 30.5 meters), depending on circumstances; multiple users can play multiplayer games using just one Nintendo DS game card (select games only). |
| Controls | Touch screen, built-in microphone for voice use, A/B/X/Y face buttons, plus control pad(d-pad), L/R shoulder buttons, Start and Select buttons. |
| Input/Output | Ports for both Nintendo DS game cards and Game Boy Advance Game Paks, slots for stereo headphones and microphone. |
| Other features | Built-in PictoChat software that allows up to 16 users to chat at once through wireless connection; built-in real-time clock date, time and alarm; touch-screen calibration. |
| CPUs | One ARM9 and one ARM7. |
| Sound | Stereo speakers providing virtual surround sound, depending on the software you're using. |
| Battery | Lithium ion battery delivering 6 to 10 hours of play on a four-hour charge, depending on use power-saving sleep mode; AC adapter included with system for charging. |
| Languages | English, Japanese, Spanish, French, German, and Italian. |

https://nintendo.fandom.com/wiki/Nintendo_DS

8



## US 5,647,834 : Independent Claim 19

| | |
|---|---|
| a processing means coupled to the microphone for deriving from the electrical signal at least one speech parameter characteristic of the subject's emotional state and for producing therefrom an indication signal. | For example, Nintendo DS uses the microphone to tell the puppy to "sit" and the puppy sits down.<br><br><br>https://www.nintendo.com/consumer/gameslist/manuals/DS_Nintendogs.pdf (page 12) |

9

## US 5,647,834 : Independent Claim 19

| | |
|---|---|
| an indication means coupled to the processing means and responsive to the indication signal for providing the subject with an indication of the at least one physiological variable; | For example, the Nintendo DS microphone transmits the " sit" voice signal received from the subject, converts that signal into an action that the puppy demonstrates on the screen, such as the puppy now sitting.<br><br><br>https://www.nintendo.com/consumer/gameslist/manuals/DS_Nintendogs.pdf (page 19) |

10





These allegations of infringement are preliminary and are therefore subject to change.

10. Nintendo has and continues to induce infringement. Nintendo has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., question and answer services on the Internet] and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–39 of the '834 patent, literally or under the doctrine of

equivalents.  Moreover, Nintendo has known of the '834 patent and the technology underlying it from at least the date of issuance of the patent.

11. Nintendo has and continues to contributorily infringe. Nintendo has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., question and answer services on the Internet] and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–39 of the '834 patent, literally or under the doctrine of equivalents.  Moreover, Nintendo has known of the '834 patent and the technology underlying it from at least the date of issuance of the patent.

12. Nintendo has caused and will continue to cause BioControl damage by direct and indirect infringement of (including inducing infringement of) the claims of the '834 patent.

## IV. JURY DEMAND

BioControl hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, BioControl prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '834 patent;

b. award BioControl damages in an amount sufficient to compensate it for Defendant's infringement of the '834 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award BioControl an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.     declare this case to be "exceptional" under 35 U.S.C. § 285 and award BioControl its attorneys' fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.     a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.     award BioControl such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for BioControl, LLC***